<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| YEVGEN TARAN,<br><br>    Plaintiff,<br><br>    v.<br><br>METLIFE STADIUM *et al.*,<br><br>    Defendants. | No. 25cv11947 (EP) (JSA)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Plaintiff Yevgen Taran proceeds *pro se* and brings federal and common law claims against Defendants MetLife Stadium ("MetLife") and the New Jersey State Police ("NJSP").[1]  D.E. 1 ("Complaint" or "Compl.").  MetLife moves to dismiss Taran's claims with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and as barred by both the applicable statute of limitations ("SOL") and principles of *res judicata*.  D.E. 14-2 ("Metlife's Motion" or "MetLife Mot.").[2]  Taran opposes MetLife's Motion, D.E. 17 ("Opposition to MetLife" or "Opp'n to MetLife"), and separately moves to extend the applicable statute of limitations as to its claims against all Defendants, D.E. 19 ("SOL Motion" or "SOL Mot.").  In a single filing,

---

[1] Taran's operative complaint was filed at D.E. 1.  Despite instructions that Taran must comply with Federal Rule of Civil Procedure 15 to amend his pleadings, Taran has nevertheless filed various non-compliant amended complaints, along with several other filings that appear to be attempts to supplement his operative complaint.  *See infra* Section II.B.  One of those improper amended complaints names additional defendants: NJSP Captain Sean Hybbeneth, NJSP Major Mark Finnegan, NJSP Detective Richard Echevarria, NJSP Seargeant Matthew Dye, and various John and Jane Does (collectively, the "NJSP Individuals") (together with NJSP, the "NJSP Defendants").  D.E. 26.  Although Taran's operative complaint remains D.E. 1, *see* D.E. 32, the Court will address issues related to the NJSP Individuals within this Opinion.  *See infra* Section III.B.

[2] For ease of reference, this Court refers to the brief MetLife filed in support of its motion to dismiss at D.E. 14-2.  MetLife filed its notice of motion at D.E. 14.

MetLife opposes Taran's SOL Motion and replies in support of its own Motion.  D.E. 23 ("MetLife's Reply").  Taran replies in support of his SOL Motion.  D.E. 27 ("SOL Reply").[3]

The NJSP Defendants also move to dismiss Taran's claims with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure to effectuate service and Federal Rule of Civil Procedure 12(b)(6) as barred by principles of *res judicata*, the *Rooker-Feldman* doctrine, the applicable statute of limitations, failure to file a notice of tort claim, and failure to state a claim. D.E. 49-9 ("NJSP's Motion" or "NJSP Mot.").[4]  Taran opposes NJSP's Motion, D.E. 52 ("Opposition to NJSP" or "Opp'n to NJSP"), and cross-moves to extend the period under which he may effectuate service, or in the alternative, for alternate service.  *See* D.E. 50 ("Service Motion" or "Service Mot."); *see also* D.E. 58 (Taran requesting some of the same relief requested in D.E. 50).  The NJSP Individuals oppose Taran's Service Motion.  D.E. 51 ("Service Opposition" or "Service Opp'n"). The NJSP Defendants reply in support of their own motion.  D.E. 60 ("NJSP Reply").  Taran replies in support of his motion.  D.E. XX ("Service Reply").

The Court decides MetLife's Motion, Taran's SOL Motion, NJSP's Motion, and Taran's Service Motion without oral argument.  *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).  For the

---

[3] Taran has submitted numerous other filings which may or may not be relevant to his SOL Motion or his Opposition to MetLife.  *See, e.g.*, D.E. 38 ("Supplemental  Reply Regarding [Motion to Accept Additional Documents and Evidence for Clarification of th[e] Record]").  While courts liberally construe a *pro se* plaintiff's filings, *pro se* plaintiffs must still comply with the same procedural rules that apply to other litigants.  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 329, 245–46 (3d Cir. 2013); Section I.A of the Undersigned's Judicial Preferences ("All of the matters addressed in these Procedures apply to all litigants in any matter pending before Judge Padin, including all *pro se* litigants, unless stated otherwise.").  To the extent that these filings are related, the Court will not consider them as "sur-replies are [not] permitted without permission of the Judge to whom the case is assigned."  L. Civ. R. 7.1(d)(6); Section II.E.vi of the Undersigned's Judicial Preferences (similar).  Taran has not obtained permission from this Court to file sur-replies.  The Court will therefore only consider the filings that are properly before it.  This applies to all motions decided by this Memorandum Order.

[4] For ease of reference, this Court refers to the brief the NJSP Defendants filed in support of their motion to dismiss at D.E. 49-9.  The NJSP Defendants filed their notice of motion at D.E. 49.

reasons set forth below, the Court will **GRANT** MetLife's Motion, **DENY** Taran's SOL Motion, **GRANT in part** and **DENY in part** NJSP's Motion, and **GRANT in part** and **DENY in part** Taran's Service Motion.

With respect to MetLife's Motion, the Court will **DISMISS** MetLife from this action ***with prejudice***.

With respect to NJSP's Motion, the Court will **DISMISS** any tort claims ***with prejudice***. The Court will also **DENY** the NJSP Defendants' request for dismissal with prejudice of Taran's § 1983 claims and instead will **DISMISS** those claims ***without prejudice***. Accordingly, the Court will **DENY** Taran's SOL Motion as moot.

With respect to Taran's Service Motion, the Court will **GRANT** Taran forty-five days to effectuate service on the NJSP Individuals but will **DENY** all other requested relief. Taran must serve an amended complaint that cures the deficiencies identified in this Memorandum Order. The Court will also **DENY** Taran's redundant motion filed at D.E. 58.

## I.     BACKGROUND

### A.     Factual Background[5]

Taran is a citizen of Ukraine and resides in New Jersey. Compl. at 3. MetLife is a stadium in East Rutherford, New Jersey. *Id.* at 2. The NJSP is situated in New Jersey. *Id.* Taran's allegations concern two incidents: one on October 8, 2022 involving both MetLife and NJSP, and one on February 16, 2024 involving only NJSP. *Id.*

---

[5] The Court relies on the factual allegations pled by Taran's Complaint and draws all reasonable inferences in his favor. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

### 1. October 8, 2022: incident at MetLife

On October 8, 2022, Taran alleges he was brutally attacked while visiting a flea market in MetLife's parking lot. *Id.* at 3–5. Without provocation, multiple assailants beat Taran. *Id.* at 5. One assailant struck Taran's temple with brass knuckles. *Id.* Taran suffered a concussion, severe pain, swelling, emotional distress, and psychological trauma. *Id.* at 3–5.

Following the attack at MetLife, Taran contacted NJSP. *Id.* at 5. Although NJSP documented the attack in a police report, Taran claims NJSP did not take action to either investigate the attack or arrest the assailants. *Id.* at 3, 5. Instead, Taran claims that NJSP subjected him to further harm, although he does not make clear how, nor what NJSP did in the aftermath of the October 8, 2022 attack. *Id.*

### 2. February 16, 2024: incident at home

At some point, one of Taran's assailants allegedly threatened to come to Taran's home and kill him. *Id.* at 6. Taran informed NJSP of this threat and that he had purchased a weapon to protect himself. *Id.* Taran claims, however, that NJSP either misunderstood or intentionally misconstrued his statements, and thereafter treated *him* as the aggressor. *Id.* NJSP stated that they understood Taran to have threatened *them*. *Id.* at 6–7. NJSP officers then appeared at Taran's home, searched it, and seized his property, including electronics, "legally owned weapons," and "a collection of over 80 kitchen knives, many of which were brand new, as well as kitchen tools such as bottle openers and oyster openers, which were used in food preparation."[6] *Id.* at 3, 6–7. NJSP officers then held Taran in custody and accused him of making threats or terrorism. *Id.* at 3,

---

[6] Taran names the NJSP Individuals as defendants but his Complaint does not specify what, if any, actions, they took. Taran instead refers to the "police" or "police officers" in his Complaint. *See, e.g.*, Compl. at 3 ("The second assault on February 16, 2024, was committed by police officers, who are witnesses as they participated in the attack."). It is not clear if these officers were all of, some subset of, or a wholly different set of officers than the NJSP Individuals.

7–8. Taran alleges that while in NJSP custody, he was "subjected to physical abuse, and tortured . . . ." *Id.* at 7. NJSP officers allegedly also additionally accused Taran of building a bomb. *Id.*

Taran alleges that these events and criminal charges hurt his reputation. *Id.* Taran was dismissed from his place of employment on February 21, 2024, allegedly because of NJSP's actions. *Id.*

### 3. Actions in New Jersey state court

In his Complaint, Taran references two actions he brought in New Jersey Superior Court, Bergen County, Law Division. *Id.* at 11. He first references *Taran v. MetLife Stadium*, No. BER-L-7016-24 (N.J. Super. Ct., L. Div.) ("MetLife State Action"), an action he brought against MetLife. *Id.* He next references *Taran v. New Jersey State Police, Meadowlands Station*, No. BER-L-7019-24 (N.J. Super. Ct., L. Div.) ("NJSP State Action"), an action he brought against the NJSP. *Id.* Taran claims that in these actions, the New Jersey Superior Court failed to properly review his claims and dismissed them without proper investigation. *Id.* As a result, Taran claims filing suit in federal court was warranted.

### B. Procedural Background

Taran filed his Complaint on June 17, 2025. *Id.* Taran explicitly brings claims under 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights. Compl. at 2. It seems that Taran additionally brings personal injury claims as well. *See id.* Taran seeks compensation in the amount of $5,000,000 from Defendants. *Id.* at 9.

Since filing his Complaint, Taran has submitted numerous improper filings requesting various kinds of relief. *See, e.g.*, D.E. 7 (medical records); D.E. 16 (supplement to civil rights complaint); D.E. 26 (unauthorized amended complaint); D.E. 29 (an international human rights complaint); D.E. 31 (unauthorized amended complaint); D.E. 33 (request for this Court to accept

additional evidence and preserve the record); D.E. 34 (an "affidavit of truth"); D.E. 47 (a notice of the FBI's apparent spoliation and destruction of evidence).  This Court instructed Taran that these improperly filed amended complaints and attempts to improperly supplement the record before the Court did not comply with Federal Rule of Civil Procedure 15.  D.E. 32.  The Court warned Taran that he must comply with the Federal Rules of Civil Procedure and that while MetLife's Motion and Taran's SOL Motion were pending, the Court would not consider materials outside of the operative complaint and the relevant briefs.  *See id.*; *see also* D.E. 36 (administratively terminating two motions seeking to further supplement the record).

As this Court previously instructed, Taran's operative complaint remains D.E. 1.  D.E. 32.  MetLife's Motion, Taran's SOL Motion, NJSP's Motion, and Taran's Service Motion are now briefed and are pending.  The Court decides those motions now.

## II.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 12(b)(5)

A defendant may move to dismiss on grounds that a plaintiff has failed to properly serve him or her with the summons and complaint.  Fed. R. Civ. P. 12(b)(5).  A plaintiff "is responsible for having the summons and complaint served within the time allowed by [Federal] Rule [of Civil Procedure] 4(m)."  Fed. R. Civ. P. 4(c)(1).  A plaintiff must perfect service within ninety days of filing a complaint.  Fed. R. Civ. P. 4(m).

If a plaintiff fails to perfect service within that time period, the action may be dismissed. *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1096 (3d Cir. 1995) (citing *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1304 (3d Cir. 1995)).  Courts have discretion, however, to extend the period plaintiffs have to effect service, even in the absence of a showing of good cause.  *Id.* at 1098; *see Henderson v. United States*, 517 U.S. 654, 662 (1996) ("[C]ourts have been

6

accorded discretion to enlarge the 120-day period [for service under Rule 4(m)] 'even if there is no good cause shown.'" (quoting Fed. R. Civ. P. 4, Advisory Committee Notes)).

**B.      Federal Rule of Civil Procedure 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court accepts all well-pled factual allegations as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Cnty. of Allegheny*, 515 F.3d at 233 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Courts may not consider "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

To survive a Rule 12(b)(6) challenge, a plaintiff's claims must be facially plausible, meaning that "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although there is no "'probability requirement,'" plaintiff's claims must do more than present "a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). The allegations must amount to "more than labels and conclusions." *Twombly*, 550 U.S. at 555.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "While legal conclusions can provide the framework of a complaint, they must

be supported by factual allegations." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

### C.    Consideration of Affirmative Defenses on a Motion to Dismiss

Affirmative defenses may be raised in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) so long as the predicates for establishing the defense are apparent from the face of the complaint. *See, e.g.*, *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997) (applying *res judicata* as an affirmative defense on a motion to dismiss); *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (applying statute of limitations defense on a motion to dismiss).

## III.    DISCUSSION

Because principles of *res judicata* bar this Court from considering the claims that Taran raises against MetLife Stadium, the Court will **GRANT** MetLife's Motion, **DISMISS** all claims against MetLife *with prejudice*.

Because Taran does not state a claim for relief against NJSP, nor shows he has served the NJSP Individuals in accordance with Rule 4, the Court will **GRANT in part** the NJSP's Motion and **DISMISS** *with prejudice* any tort claims Taran seeks to bring. And because amendment might not be futile for Taran's § 1983 claims, the Court will also **DENY in part** NJSP's Motion and **DISMISS** Taran's § 1983 claims *without prejudice*. Accordingly, because the Court will dismiss all claims against all Defendants, albeit some with prejudice and some without prejudice, the Court will also **DENY** Taran's SOL Motion as moot.

The Court will also **GRANT in part** and **DENY in part** Taran's Service Motion. The Court will **GRANT** Taran an additional forty-five days to file an amended complaint that cures the deficiencies identified in this Memorandum Order. Within the same time period, Taran must

also effectuate service on the NJSP Individuals. The Court will, however, **DENY** Taran's request for a sixty day extension and Taran's request to rely on the United States Marshals Service to effectuate service.

### A.    MetLife's Motion and Taran's SOL Motion

MetLife argues that principles of *res judicata* bar Taran from pursuing this action against it. MetLife Mot. at 6–9. The Court agrees and finds the predicates for application of *res judicata* are apparent. Dismissal of MetLife is therefore warranted. To the extent Taran seeks to have this Court review the decision of the state court judge in the MetLife State Action, such relief is prohibited by the *Rooker-Feldman* doctrine.[7]

### 1.    Res judicata in New Jersey

*Res judicata* prevents parties from bringing a second suit against "the same adversary based on the same cause of action as the first suit." *Salerno v. Corzine*, 449 F. App'x 118, 122 (3d Cir. 2011) (quoting *Duhaney v. Att'y Gen. of United States*, 621 F.3d 340, 347 (3d Cir. 2010)). "Whether a state court judgment should have a preclusive effect in a subsequent federal action depends on the law of the state that adjudicated the original action." *Fraize v. Gov't Nat'l Mort. Assoc.*, No. 14-7152, 2016 WL 958392, at *6 (D.N.J. Mar. 14, 2016) (citing *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 357 (3d Cir. 1999)).

In New Jersey, *res judicata* applies when there has been: "(1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privies; and (3) a subsequent suit based on the same causes of action." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 260 (3d Cir. 2010).

---

[7] The *Rooker-Feldman* doctrine bars "state court losers" from complaining of "state court injuries." *Exxon Mobil Corp. v. Saudi Basic Indus., Inc.*, 544 U.S. 280, 284 (2005); *see E.B. v. Verniero*, 119 F.3d 1077, 1090 (1977) (citing *District of Columbia Ct. of Apps. v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 414–16 (1923)); *see also infra* Section III.B.2 (discussing the *Rooker-Feldman* doctrine in more depth).

When all three elements have been met, the first suit "concludes and extinguishes the entire claim or cause of action in controversy." *Nevada v. United States*, 463 U.S. 110, 129 (1983).

### 2. *Res judicata bars Taran's claims against MetLife*

Here, the predicates of *res judicata's* applicability appear on the face of the Complaint. Taran previously sued MetLife in New Jersey Superior Court, Bergen County, Law Division. *See* MetLife State Action.[8] He cites this case as a "[r]elated [c]ase" to his claims against MetLife in his Complaint. *See* Compl. at 11. He further explains that because the judge in the MetLife State Action "dismiss[ed] the cas[e] without proper investigation," he "now turns to federal court." *Id.*

In the MetLife State Action, Taran sued MetLife based on allegations that he suffered a severe head injury after being attacked on MetLife's property on October 8, 2022. *Id.* at LCV20243113916 ("On 8, October, 2022 . . . [a]t the Metlife stadium market I was attacked hit and beaten and wanted to kill me[.]  [A]lso result of the injury I have head injuries and swelling and concussion of the brain and head, constant and severe pain in the temple of the head."). Here too, Taran sues MetLife based upon allegations that he suffered a severe head injury after being attacked on MetLife's property on October 8, 2022. Compl. ("Previously, on October 8, 2022, I became a victim of an attack by criminals at Metlife Stadium, where I sustained a serious head injury, including a concussion, swelling, and severe pain in my head, especially around the temples."). There, as here, Taran's allegations are generally untethered to specific causes of action.

---

[8] The Court "may take judicial notice of the record from a previous court proceeding between the parties." *Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008) (per curiam). The Court does not conclude that the facts in the complaint or opinion in the MetLife State Action are true. *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp., Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("[O]n a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the matter asserted, but for the existence of the opinion."). The Court only takes judicial notice that the State Court Action exists and was premised upon the same purported facts as those alleged here.

MetLife State Action at LCV20243113916. The crux of his complaint there, as here, focuses on the injuries he suffered after being beaten in the MetLife parking lot. *See id.* The MetLife State Action and this action are therefore brought against the same parties and premised upon the same causes of action.[9] The first two predicates for *res judicata* are therefore met.

Taran's complaint in the MetLife State Action was later dismissed with prejudice on grounds that the statute of limitations had passed. MetLife State Action at LCV20251116309. A dismissal based on the applicable statute of limitations is considered a final judgment on the merits. *See Dowdell v. Univ. of Med. & Dentistry of N.J.*, 94 F. Supp. 2d 527, 534 (D.N.J. 2000) (holding that a dismissal based on the relevant statute of limitations operates as a final judgment on the merits); *Cahn v. United States*, 269 F. Supp. 2d 537, 544-45 (D.N.J. 2003) (same). The final predicate for *res judicata* is therefore also met.

Having found that Taran seeks to bring a second suit against the same adversary based on the same cause of action after the first was adjudicated on the merits, the Court finds that *res judicata* extinguishes this second suit. And because amendment could not cure the applicability of *res judicata*, *see, e.g.*, *Malinconico v. Alessio*, No. 21-11550, 2022 WL 4466636, at *4 (D.N.J. Sept. 26, 2022) (citing *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1434 (3d Cir. 1997)), the Court will **GRANT** MetLife's Motion, **DISMISS** MetLife from this action ***with prejudice***, and **DENY** Taran's cross SOL Motion as moot.

### B. NJSP's Motion

The NJSP Defendants argue that they must be dismissed from this action with prejudice because (1) Taran's claims are barred by principles of *res judicata*; (2) Taran's claims should be

---

[9] "[T]he identity of [a] cause of action refers not only to claims actually litigated, but those that could have been litigated in the earlier suit if they arise from the same underlying transaction or events." *Toscano*, 288 F. App'x at 38.

dismissed pursuant to *Rooker-Feldman*; (3) Taran has not filed a notice of tort claim, as required by New Jersey law; and (4) Taran has yet to serve the NJSP Individuals consistent with Federal Rule of Civil Procedure 4. *See generally* NJSP Mot. Without making any meaningful argument, NJSP also mentions in passing that Taran's claims should additionally be dismissed for failure to state a claim and because the statute of limitations bars claims based on events that occurred on October 8, 2022.

Because neither *res judicata* nor *Rooker-Feldman* justify dismissal on the current record, the Court cannot dismiss Taran's entire Complaint against the NJSP Defendants with prejudice. Any tort claims, however, are prohibited because Taran does not provide proof of a notice of tort claim and will be dismissed with prejudice. With respect to Taran's remaining § 1983 claims, Taran fails to state a claim for relief and fails to show he has served the NJSP Individuals. Amendment to Taran's Complaint may cure those latter deficiencies. Dismissal of his § 1983 claims will therefore be without prejudice.

1.      *Res judicata does not bar Taran's claims against the NJSP Defendants*

The NJSP Defendants, like MetLife, argue that principles of *res judicata* bar Taran from pursuing this action against them. NJSP Mot. at 9–11. In contrast to MetLife, however, the Court here cannot dismiss Taran's claims against the NJSP Defendants based on *res judicata* because it is not clear that there has been a final decision on the merits in the prior case.[10]

---

[10] The NJSP Defendants also invoke the "entire controversy" doctrine. NJSP Mot. at 6. New Jersey's entire controversy rule "requires a party to bring in one action 'all affirmative claims that [it] might have against another party, including counterclaims and cross-claims,' and to join in that action 'all parties with a material interest in the controversy,' or be forever barred from bringing a subsequent action involving the same underlying facts." *Rycoline*, 109 F.3d at 885 (quoting *Circle Chevrolet Co. v. Giordano, Halleran & Ciesla*, 142 N.J. 280, 662 (1995)). Its application, however, also requires a final judgment on the merits and therefore fails for the same reasons described in this section. *Velasquez v. Franz*, 123 N.J. 498, 507–09 (1991).

Taran previously sued NJSP in the NJSP State Action.  Taran cites this case in his Complaint and alleges that the state court judge "is somehow protecting the police" and "hindering a fair investigation."  Compl. at 11.

There are two problems with applying *res judicata* here.  For one, in the NJSP State Action, Taran appears to have sued only NJSP.  NJSP State Action, LCV20243114353 at 1.  The NJSP Individuals were not named on Taran's complaint there.  *Id.*  While municipal employees *may* be treated as though they are in privity with the municipality for purposes of *res judicata*, *see, e.g.*, *Kelly v. City of Philadelphia*, No. 25-1307, 2025 WL 3034961, at *3 (E.D. Pa. Oct. 30, 2025), the Court cannot do so here because of the next problem.

The next problem with the NJSP's Defendants' *res judicata* argument is that it is not clear on what grounds the NJSP State Action was dismissed.  NJSP State Action, LCV20251808654 at 1–2.  The court's order there merely states that "defendant's motion to dismiss the complaint against the Defendant . . . is hereby GRANTED" and for Taran's tort claims, "defendant's motion for summary judgment is hereby granted."  *Id.*  There is no opinion and there is no facial indication from the order as to whether the motions were granted on merits-related grounds.  *See id.* Moreover, the dismissal was *without* prejudice.  *Id.*  Perhaps Taran's action was barred for procedural reasons, not merits-related ones.[11]  Under such circumstances, *res judicata* might not apply.  *See Velasquez*, 123 N.J. at 508–09 (rejecting *res judicata* claims because the prior dismissal was without prejudice and because there was no clear indication that dismissal was on the merits).  Accordingly, at this stage, the Court cannot determine whether there was a final judgment on the

---

[11] The NJSP Defendants claim that the NJSP State Action was dismissed because Taran failed to file a notice of tort claim.  NJSP Mot. at 17.  That, however, is not stated nor apparent from the order of dismissal in the NJSP State Action.  NJSP State Action, LCV20251808654 at 1–2.

merits without engaging in the kind of fact finding prohibited at the motion to dismiss stage. *See Wah Kwong Shipping*, 181 F.3d at 426.

        2.     *Rooker-Feldman does not bar Taran's claims against the NJSP Defendants*

The NJSP Defendants also argue that *Rooker-Feldman* bars Taran's claims, but the doctrine only bars Taran's claims to the extent he seeks review of the NJSP State Action.

        i.     The *Rooker-Feldman* doctrine

As previously explained, *Rooker-Feldman* bars "state court losers" from complaining of "state court injuries." *See supra* n.5. The doctrine applies when: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [a] state-court judgmen[t]'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quoting *Exxon Mobil*, 544 U.S. at 284)).

        ii.     Taran does not seek redress for state court injuries

Here, *Rooker-Feldman* does not bar Taran's claims because he does not seek redress for any injury caused by the NJSP State Action. "When the source of injury is the defendant's actions (and not the state court judgmen[t]), the federal suit is" not barred by *Rooker-Feldman*, "even if it asks the federal court to deny a legal conclusion reached by the state court." *Id.*

The Second Circuit considered an analogous fact pattern in *Hoblock v. Albany County Board of Elections*, 422 F.3d 77, 87 (2d Cir. 2005) and drew a distinction—that the Third Circuit endorsed—between injuries caused by state court judgments and injuries caused by a defendant's actions. *See Great Western Mining*, 615 F.3d at 166–67 (agreeing with *Hoblock's* reasoning). The Second Circuit explained:

14

> Suppose a plaintiff sues his employer in state court for violating both state anti-discrimination law and Title VII and loses. If the plaintiff then brings the same suit in federal court, he will be seeking a decision from the federal court that denies the state court's conclusion that the employer is not liable, but he will not be alleging injury from the state judgment. Instead, he will be alleging *injury based on the employer's discrimination*. The fact that the state court chose not to remedy the injury does not transform the subsequent federal suit on the same matter into an appeal, forbidden by *Rooker-Feldman*, of the state-court judgment.

*Id.* at 167 (quoting *Hoblock*, 422 F.3d 87–88). Here, as in the example illustrated by *Hoblock*, Taran brings the same suit in federal court that he brought in state court. Although he complains that "the judge is somehow protecting the police and the stadium, hindering a fair investigation," his Complaint does not invite review or complain of the state court's judgment. *See* Compl. at 11. Instead, Taran's chief and consistent complaint is that the events on October 8, 2022 and February 16, 2024 "have destroyed [his] life." *Id.* Accordingly, the source of Taran's alleged injuries, as the Court understands them, are the events that transpired on October 8, 2022 and February 16, 2024. *See id.* *Rooker-Feldman* does not therefore bar Taran's claims against the NJSP Defendants.

    3.    *Taran's failure to serve a notice of tort claim dooms any tort claims*

The NJSP Defendants argue that the Court must dismiss all tort claims against them because Taran failed to serve a notice of tort claim within ninety days of the accrual of his claims. NJSP Mot. at 14. The New Jersey Tort Claims Act requires that plaintiffs provide notice of any injury claim against a public entity and its employees within ninety days of the accrual of the cause of action. N.J. Stat. Ann. § 59:8-8; *Ewing v. Cumberland Cnty.*, 152 F. Supp. 3d 269, 296 (D.N.J. 2015). Failure to provide notice bars any claim for recovery. *Copeland v. Twnp. of Bellmawr*, No. 17-12104, 2018 WL 3742625, at *4 (D.N.J. Aug. 7, 2018).

Taran did not provide any copy of a notice of tort claim with his Complaint. Nor does he respond to the NJSP Defendants' arguments that he has failed to provide one. He only states that one is not necessary because he brings § 1983 claims. Opp'n to NJSP at 5. To the extent Taran's

15

Complaint seeks to pursue any tort claims against either NJSP or the NJSP Individuals, New Jersey law therefore requires their dismissal.  Accordingly, the Court will **DISMISS** any tort claim Taran raises against the NJSP Defendants ***with prejudice***.

>    4.    *Taran has effectuated service on NJSP but not on the NJSP Individuals*

The NJSP Defendants maintain that Taran has not properly served the NJSP Defendants. NJSP Mot. at 18–20.  Upon review, Taran provides proof of service with respect to NJSP, but does not with respect to the NJSP Individuals.

>    i.    <u>Taran has effectuated service on NJSP</u>

Under the Federal Rules of Civil Procedure, Taran may effectuate service on a state or local government organization only by either "(A) delivering a copy of the summons and of the complaint to [the agency's] chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."  Fed. R. Civ. P. 4(j)(2)(A)–(B).  New Jersey law permits service upon a state agency "by registered, certified or ordinary mail of a copy of the summons and complaint or by personal delivery of a copy of the summons and complaint to the Attorney General or the Attorney General's designee named in a writing filed with the Clerk of the Superior Court."  N.J. Ct. Rule 4:4-4(a)(7).

Here, Taran, by way of the Mercer County Sheriff, has provided for personal delivery of a copy of the summons and complaint to the Attorney General's managing agent and presiding officer.  D.E. 46.  Service therefore complies with New Jersey law.  Nevertheless, Taran's service was untimely under Federal Rule of Civil Procedure 4(m).[12]  Taran, however, proceeds *pro se* and

---

[12] Federal Rule of Civil Procedure 4(m) provides plaintiffs only with ninety days to serve a copy of the summons and complaint after the filing of the complaint.  Taran filed his Complaint on June 17, 2025.  Compl.  The Officer of the Mercer County Sheriff issued service on Taran's behalf 160 days later, on December 24, 2025.  D.E. 46.

16

the deficiency in his service appears to have been technical rather than willful.  It appears that he has in good faith attempted to effectuate service throughout the relevant time period.  *See, e.g.*, D.Es. 25, 42, 43, 46 (attempting service by sending a copy of the summons and complaint via certified mail to different addresses for the NJSP Attorney General, NJSP Meadowlands Station, and NJSP "Superintendent").  The Court will therefore excuse the delay and consider service on NJSP effectuated.  Taran has therefore complied with the service requirements on NJSP under Federal Rule of Civil Procedure 4(j) and New Jersey Court Rule 4:4-4(a)(7).

ii.     <u>Taran has not effectuated service on the NJSP Individuals</u>

Under the Federal Rules of Civil Procedure, Taran may effectuate service on individuals by either (1) following state law for serving individuals in the state where the action is brought or (2) delivering a copy of the summons and complaint to the individual either personally, to their authorized agent for receipt of service, or by leaving the documents at the individual's home with someone of suitable age and discretion.  Fed. R. Civ. P. 4(e).  Under New Jersey state law, Taran may effectuate service on an individual by

> mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to the usual place of abode of the defendant or a person authorized by rule of law to accept service for the defendant or, with postal instructions to deliver to addressee only, to defendant's place of business or employment.

N.J. Ct. Rule 4:4-3(a).  Because the New Jersey Attorney General is not an authorized agent for state employees, service on the New Jersey Attorney General is not sufficient.  *See Jackson v. Lanigan*, No. A426-13T4, 2015 WL 1292268, at *1 (N.J. Super. Ct., App. Div. Mar. 24, 2015) (explaining that mailing the pleadings to the New Jersey Attorney General was not sufficient service for state employee); *N.J. Chinese Cmty. Ctr. v. McAleer*, No. 21-8320, 2022 WL 3403297,

17

at *5 (D.N.J. Aug. 15, 2022) (explaining that electronic email to the New Jersey Attorney General was sufficient service for the State of New Jersey but not for its state employees).

Taran has not served the NJSP Individuals.  He nevertheless requests that the Court excuse the service requirements and permit alternate service by way of the New Jersey Attorney General. Service Mot. at 1–2.  But "[t]he Court cannot excuse the requirement of service of process because a party proceeds *pro se*." *McCray v. Unite Here*, No. 13-6540, 2014 WL 2611830, at *1 (D.N.J. June 11, 204) (citing *Cain v. Abraxas*, 209 F. App'x 94, 96 (3d Cir. 2006)).  Taran must comply with Federal Rule of Civil Procedure 4(e).  The Court will therefore **DISMISS** Taran's claims against the NJSP Individuals ***without prejudice***.[13]

> 5.    *The Court will dismiss Taran's § 1983 claims against NSJP based on his failure to plead a claim for relief*[14]

Taran's Complaint seeks to assert civil rights claims against NJSP pursuant to § 1983 for violations of the Fourth and Fourteenth Amendments.  Compl. at 2.  The NJSP Defendants, in passing, assert without argument that Taran fails to state a claim.  NJSP Mot. at 5.  Nevertheless, because the deficiency in Taran's § 1983 claims against NJSP is obvious, the Court will address the well-settled and well-known limitations plaintiffs face when bringing § 1983 claims against a municipal entity like NJSP.

> i.    *Monell* liability

To plead a § 1983 claim against a municipal entity, a plaintiff must allege that "'a local government's policy or custom . . . inflicted the injury' in question." *Estate of Roman v. City of*

---

[13] Because the Court will provide Taran with a forty-five day extension to effectuate service, the Court will dismiss the remaining claims against the NJSP Individuals *without prejudice*.  *See infra* Section III.C.

[14] The notice provision requirement of the New Jersey Tort Claim Act does not apply to § 1983 claims. *Tucker v. Ann Klein Forensic Ctr.*, 174 F. App'x 695, 698 (3d Cir. 2006) (quoting *Schneider v. Simonini*, 163 N.J. 336, 355 (2000)).

*Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)).  "Policy is made when a decision maker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990).  "Custom" is made when "a given course of conduct although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).  At the pleading stage, a plaintiff need not identify who the responsible decisionmaker is.  *Id.* at 850.  Nor does he need to prove that the alleged custom had formal approval.  *Estate of Roman*, 914 F.3d at 798 (citing *Anela v. City of Wildwood*, 790 F.2d 1063, 1067 (3d Cir. 1986)).  But he must at least allege that *some* custom or policy existed and that it caused harm.  *See id.*

In addition to pleading that the municipality's policy or custom inflicted injury, a plaintiff must also allege that the policy or custom was the "proximate cause" of his injuries.  *Id.* at 798 (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)).  A plaintiff may demonstrate this by pleading that "policymakers were aware of similar unlawful conduct in the past, but failed to take precautions against future violations, and this failure, at least in part, led to their injury." *Bielevicz*, 915 F.2d at 851.

ii.    Taran does not state a *Monell* claim

Taran does not allege the existence of *any* policy or practice.  Nor can the Court, construing Taran's Complaint liberally, detect one.  Taran instead challenges discrete events and actions, but Taran must plead "facts to support the existence of any policy, custom, or practice beyond those involving [his] own [experiences]." *Dupree v. Bright*, No. 25-3230, 2026 WL 222534, at *8 (E.D. Pa. Jan. 28, 2026) (quoting *Phillips v. Northampton Cnty.*, 687 F. App'x 129, 132 (3d Cir. 2017)).

Taran alleges only that NJSP failed to properly investigate the assailants who injured him on October 8, 2022 and instead inappropriately arrested him and accused him of terrorism. Compl. at 3, 6. He also alleges that NJSP officers used excessive force when arresting him on February 16, 2024, improperly confiscated his weapons, and wrongfully accused him of terrorism. *Id.* These allegations are limited to Taran's experiences and fail to provide any indication—let alone any plausible one—that the challenged conduct was the result of any policy or custom within NJSP. *See generally* Compl.

Moreover, Taran filed his Complaint more than two years after the events that transpired on October 8, 2022. Compl. In New Jersey and the Third Circuit, equitable tolling of limitations periods applies only in the following three "'very limited circumstances:'"

> (1) if the defendant has actively misled the plaintiff,
> (2) if the plaintiff has in some extraordinary way been prevented from asserting his or her rights, or
> (3) if the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.

*Fisher v. Hollingsworth*, 115 F.4th 197, 212 (3d Cir. 2024) (quoting *Barron v. Gersten*, 472 UN.J. Super. 572 (2022)). Taran argues in his SOL Motion that his severe injuries and his inability to collect certain documents prevented him from being able to timely bring this action. SOL Mot. at 1. Taran bears the burden of demonstrating that equitable tolling principles apply. *See Gunn v. Cornell Abraxas Grp., LLC*, 751 F. Supp. 3d 530, 541 (W.D. Pa. 2024). Taran must provide details setting forth not only an actionable § 1983 claim but also explaining why the "very limited circumstances" of equitable tolling apply to the facts of his case.

The Court will therefore **DISMISS** Taran's § 1983 claims against NJSP ***without prejudice*** and **DENY** Taran's SOL Motion, as applied to the NJSP Defendants, as moot.

20

### C.    Taran's Service Motion and Amended Complaint

Taran requests sixty days to serve the NJSP Individuals.  Service Mot. at 1–2.  He also requests that the Court direct the United States Marshals Service to effect service upon the NJSP Individuals.  *Id.*  The Court will **GRANT in part** and **DENY in part** Taran's Service Motion.  The Court will also **DENY** Taran's motion filed at D.E. 58.

Courts have discretion to provide plaintiffs with additional time to effect service, even in the absence of a showing of good cause.  *MCI Telecomms. Corp.*, 71 F.3d at 1098.  Given the amount of time that has already elapsed, the Court will provide Taran with forty-five days, rather than sixty, to effectuate proper service of summons and an amended complaint that cures the deficiencies identified in this Memorandum Order.  The Court will not consider Taran's improperly filed amended complaints at D.Es. 26 & 31, or any of his other improper attempts to supplement his operative Complaint.

The Court will further deny Taran's request to rely on the United States Marshals Service to effectuate proper service on the NJSP Individuals.  Although Federal Rule of Civil Procedure 4(c)(3) permits courts to order service of the summons and complaint by "a United States marshal or deputy marshal or by a person specially appointed by the court," plaintiffs are expected to seek service by private means "whenever feasible rather than impose the burden on the Marshal's Service."[15]  *Hollywood v. Carrows Cal. Fam. Rests.*, No. 18-2098, 2018 WL 7461690, at *1 (C.D. Cal. Apr. 26, 2018) (quoting Fed. R. Civ. P. 4(c)(3), Advisory Committee Notes)).  Reliance on the United States Marshals Service is therefore unwarranted unless "service by other means has been

---

[15] Plaintiffs are entitled to service through the United States Marshals Service whenever they proceed *in forma pauperis* under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.  Taran satisfies neither condition and is therefore not entitled to the benefits of the United States Marshals Service.  Fed. R. Civ. P. 4(c)(3).

attempted and reflects that service without the Marshal's assistance is 'unfeasible.'" *Brooks v. Knutson*, No. 21-0302, 2021 WL 7909396, at *1 (S.D. Ala. Nov. 16, 2021) (quoting 4A Charles Allen Wright & Arthur Miller, Federal Practice and Procedure § 1090 (4th ed. 2021)).  Because Taran has not shown that serving the NJSP Individuals is unfeasible, the Court will not appoint the United States Marshals Service to effectuate service on his behalf.

Accordingly, the Court will **GRANT in part** and **DENY in part** Taran's Service Motion. The Court will **GRANT** Taran's request for an extension to effectuate service but will give him only forty-five days and will **DENY** his request for sixty days.  During the same time period, Taran must also file an amended complaint that cures the deficiencies identified in this Memorandum Order and must serve that amended complaint on the NJSP Individuals.  The Court will also **DENY** Taran's requests to effectuate service through either the United States Marshals Service or through alternate means by serving only the New Jersey Attorney General.[16]  Finally, because Taran's motion at D.E. 58 requests some of the same relief as his Service Motion (alternate service), the Court will **DENY** Taran's additional motion at D.E. 58.

## IV.    CONCLUSION AND ORDER

For the reasons explained above,

**IT IS**, on this 16th   day of March            2026,

**ORDERED** that MetLife's motion to dismiss, D.E. 14, is **GRANTED**; and it is further

**ORDERED** that MetLife is **DISMISSED** *with prejudice* from this action; and it is further

**ORDERED** that Taran's SOL Motion, D.E. 19, is **DISMISSED** as moot; and it is further

**ORDERED** that NJSP's motion to dismiss, D.E. 49, is **GRANTED in part** and **DENIED in part**; and it is further

---

[16] *See supra* Section III.B.4.ii.

22

**ORDERED** that to the extent Taran attempts to bring any tort claims, those claims are **DISMISSED** *with prejudice*; and it is further

**ORDERED** that Taran's § 1983 claims against the NJSP Defendants are **DISMISSED** *without prejudice* for failure to state a claim; and it is further

**ORDERED** that Taran's Service Motion, D.E. 50, is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Taran must file an amended complaint that cures the deficiencies identified within this Memorandum Order and serve the NJSP Individuals within **forty-five days** of the date of this Memorandum Order; and it is further

**ORDERED** that the Court's dismissal of Taran's § 1983 claims against the NJSP Individuals will become one *with prejudice* if Taran fails to file proof of service of an amended complaint within **forty-five days** of this Memorandum Order; and it is further

**ORDERED** that Taran's request for sixty days to effectuate service is **DENIED**; and it is further

**ORDERED** that Taran's request to rely on the United States Marshals Service to effectuate service on the NJSP Individuals is **DENIED**; and it is further

**ORDERED** that Taran's request to rely on service to the New Jersey Attorney General to satisfy his obligation to serve the NJSP Individuals is **DENIED**; and it is finally

**ORDERED** that Taran's motion, filed at D.E. 58, is **DENIED**.

Dated: March 16, 2026

Evelyn Padin, U.S.D.J.

23